1

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

3

4

St. Denis Innovations, LLC,

5

               Plaintiff,              Case No.  C 07-00784 RMW PVT

6

v.                              **STIPULATED PROTECTIVE ORDER**

7

                                AS MODIFIED BY THE COURT

SPX Corporation,

8

               Defendant.

9

10

11

12

     1.       <u>PURPOSES AND LIMITATIONS</u>

13

     Disclosure and discovery activity in this action are likely to involve production of

14

confidential, proprietary, or private information for which special protection from public

15

disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

16

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

17

Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

18

all disclosures or responses to discovery and that the protection it affords extends only to the

19

limited information or items that are entitled under the applicable legal principles to treatment as

20

confidential.  The parties further acknowledge, as set forth in Section 10, below, that this

21

Stipulated Protective Order creates no entitlement to file confidential information under seal;

22

Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

23

that will be applied when a party seeks permission from the court to file material under seal.

24

     2.       <u>DEFINITIONS</u>

25

          2.1     <u>Party</u>: any party to this action, including all of its officers, directors,

26

employees, consultants, retained experts, and outside counsel (and their support staff).

27

          2.2     <u>Disclosure or Discovery Material</u>: all items or information, regardless of

28

the medium or manner generated, stored, or maintained (including, among other things, testimony

1  (whether at trial, during a deposition, or in other proceedings), transcripts, or tangible things) that

2  are produced or generated in disclosures or responses to discovery in this matter.

3          2.3     "Confidential" Information or Items: information (regardless of how

4  generated, stored or maintained) or tangible things that qualify for protection under standards

5  developed under F.R.Civ.P. 26(c).

6          2.4     "Highly Confidential - Attorneys' Eyes Only" Information or Items:

7  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

8  non-party would create a substantial risk of serious injury that could not be avoided by less

9  restrictive means.

10         2.5     Receiving Party: a Party that receives Disclosure or Discovery Material

11  from a Producing Party.

12         2.6     Producing Party: a Party or non-party that produces Disclosure or

13  Discovery Material in this action.

14         2.7     Designating Party: a Party or non-party that designates information or

15  items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

16  Confidential - Attorneys' Eyes Only."

17         2.8     Protected Material: any Disclosure or Discovery Material that is designated

18  as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

19         2.9     Outside Counsel: attorneys who are not employees of a Party but who are

20  retained to represent or advise a Party in this action.

21         2.10    House Counsel: attorneys who are employees of a Party.

22         2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well

23  as their support staffs).

24         2.12    Expert: a person with specialized knowledge or experience in a matter

25  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

26  witness or as a consultant in this action and who is not a past or a current employee of a Party or

27  of a competitor of a Party and who, at the time of retention, is not anticipated to become an

28

1  employee of a Party or a competitor of a Party.  This definition includes a professional jury or

2  trial consultant retained in connection with this litigation.

3        2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support

4  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

5  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

6  subcontractors.

7      3.   <u>SCOPE</u>

8      The protections conferred by this Stipulation and Order cover not only Protected Material

9  (as defined above), but also any information copied or extracted therefrom, as well as all copies,

10  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

11  parties or counsel to or in court or in other settings that might reveal Protected Material.

12      4.   <u>DURATION</u>

13      Even after the termination of this litigation, the confidentiality obligations imposed by this

14  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

15  otherwise directs.

16      5.   <u>DESIGNATING PROTECTED MATERIAL</u>

17        5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

18  Each Party or non-party that designates information or items for protection under this Order must

19  take care to limit any such designation to specific material that qualifies under the appropriate

20  standards.  A Designating Party must take care to designate for protection only those parts of

21  material, documents, items, or oral or written communications that qualify- so that other portions

22  of the material, documents, items, or communications for which protection is not warranted are

23  not swept unjustifiably within the ambit of this Order.

24      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

25  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

26  unnecessarily encumber or retard the case development process, or to impose unnecessary

27  expenses and burdens on other parties), expose the Designating Party to sanctions.

28      If it comes to a Party's or a non-party's attention that information or items that it

1    designated for protection do not qualify for protection at all, or do not qualify for the level of

2    protection initially asserted, that Party or non-party must promptly notify all other parties that it is

3    withdrawing the mistaken designation.

4         5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

5    Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

6    material that qualifies for protection under this Order must be clearly so designated before the

7    material is disclosed or produced.

8         Designation in conformity with this Order requires:

9         (a)    for information in documentary form (apart from transcripts of depositions

10   or other pretrial or trial proceedings), that the Producing Party affix the legend

11   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top

12   of each page that contains protected material.  If only a portion or portions of the material on a

13   page qualifies for protection, the Producing Party also must clearly identify the protected

14   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

15   portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

16   CONFIDENTIAL - ATTORNEYS' EYES ONLY").

17       A Party or non-party that makes original documents or materials available for inspection

18   need not designate them for protection until after the inspecting Party has indicated which

19   material it would like copied and produced.  During the inspection and before the designation, all

20   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL -

21   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

22   copied and produced, the Producing Party must determine which documents, or portions thereof,

23   qualify for protection under this Order, then, before producing the specified documents, the

24   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

25   CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that contains

26   Protected Material.  If only a portion or portions of the material on a page qualifies for protection,

27   the Producing Party also must clearly identify the protected portion(s) (e.g., by making

28   appropriate markings in the margins) and must specify, for each portion, the level of protection

1   being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

2   EYES ONLY").

3          (b)     for testimony given in deposition or in other pretrial or trial proceedings,

4   that the Party or non-party offering or sponsoring the testimony identify on the record, before the

5   close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

6   any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS'

7   EYES ONLY."  When it is impractical to identify separately each portion of testimony that is

8   entitled to protection, and when it appears that substantial portions of the testimony may qualify

9   for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

10  the record (before the deposition or proceeding is concluded) a right to have up to 20 days to

11  identify the specific portions of the testimony as to which protection is sought and to specify the

12  level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

13  ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately

14  designated for protection within the 20 days shall be covered by the provisions of this Stipulated

15  Protective Order.

16       Transcript pages containing Protected Material must be separately bound by the court

17  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

18  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or non-

19  party offering or sponsoring the witness or presenting the testimony.

20          (c)     for information produced in some form other than documentary, and for

21  any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

22  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

23  or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If only portions of the

24  information or item warrant protection, the Producing Party, to the extent practicable, shall

25  identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

26  Confidential - Attorneys' Eyes Only."

27  PVT      5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent

28  failure to designate qualified information or items as "Confidential" or "Highly Confidential -

1  ~~Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure~~

2  ~~protection under this Order for such material.  If material is appropriately designated as~~ PVT

3  ~~"Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially~~

4  ~~produced, the Receiving Party, on timely notification of the designation, must make reasonable~~

5  ~~efforts to assure that the material is treated in accordance with the provisions of this Order.~~

6        6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7        6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's

8  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

9  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

10  waive its right to challenge a confidentiality designation by electing not to mount a challenge

11  promptly after the original designation is disclosed.

12        6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

13  Designating Party's confidentiality designation must do so in good faith and must begin the

14  process by conferring directly (in voice to voice dialogue; other forms of communication are not

15  sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

16  explain the basis for its belief that the confidentiality designation was not proper and must give

17  the Designating Party an opportunity to review the designated material, to reconsider the

18  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

19  designation. A challenging Party may proceed to the next stage of the challenge process only if it

20  has engaged in this meet and confer process first.

21        6.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

22  confidentiality designation after considering the justification offered by the Designating Party

23  may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

24  79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

25  challenge.  Each such motion must be accompanied by a competent declaration that affirms that

26  the movant has complied with the meet and confer requirements imposed in the preceding

27  paragraph and that sets forth with specificity the justification for the confidentiality designation

28  that was given by the Designating Party in the meet and confer dialogue.

1    The burden of persuasion in any such challenge proceeding shall be on the Designating

2    Party. Until the court rules on the challenge, all parties shall continue to afford the material in

3    question the level of protection to which it is entitled under the Producing Party's designation.

4        7.    ACCESS TO AND USE OF PROTECTED MATERIAL

5        7.1    Basic Principles.  A Receiving Party may use Protected Material that is

6    disclosed or produced by another Party or by a non-party in connection with this case only for

7    prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

8    disclosed only to the categories of persons and under the conditions described in this Order.

9    When the litigation has been terminated, a Receiving Party must comply with the provisions of

10   section 11, below (FINAL DISPOSITION).

11       Protected Material must be stored and maintained by a Receiving Party at a location and

12   in a secure manner that ensures that access is limited to the persons authorized under this Order.

13       7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

14   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

15   disclose any information or item designated CONFIDENTIAL only to:

16       (a)    the Receiving Party's Outside Counsel of record in this action, as well as

17   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

18   litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

19   hereto as Exhibit A;

20       (b)    the officers, directors, and employees (including House Counsel) of the

21   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

22   signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

23       (c)    experts (as defined in this Order) of the Receiving Party to whom

24   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

25   Bound by Protective Order" (Exhibit A);

26       (d)    the Court and its personnel;

27

28

1          (e)       court reporters, their staffs, and professional vendors to whom disclosure is

2  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

3  Protective Order" (Exhibit A);

4          (f)       during their depositions, witnesses in the action to whom disclosure is

5  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

6  (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

7  Protected Material must be separately bound by the court reporter and may not be disclosed to

8  anyone except as permitted under this Stipulated Protective Order.

9          (g)      the author of the document or the original source of the information.

10        7.3     Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

11  ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

12  the Designating Party, a Receiving Party may disclose any information or item designated

13  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

14          (a)      the Receiving Party's Outside Counsel of record in this action, as well as

15  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

16  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

17  hereto as Exhibit A;

18          (b)      House Counsel of a Receiving Party (1) who has no involvement in

19  competitive decision-making or in patent prosecutions involving emissions testing devices or

20  methodology, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has

21  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

22          (c)      Experts (as defined in this Order) (1) to whom disclosure is reasonably

23  necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

24  Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have

25  been followed;

26          (d)      the Court and its personnel;

27

28

1   (e)   court reporters, their staffs, and professional vendors to whom disclosure is

2   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

3   Protective Order" (Exhibit A); and

4   (f)   the author of the document or the original source of the information.

5   7.4 <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL -</u>

6   <u>ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>

7   (a)   Unless otherwise ordered by the court or agreed in writing by the

8   Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

9   information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS'

10   EYES ONLY" first must make a written request to the Designating Party that (1) advises the

11   Designating Party that the Receiving Party wishes to disclose HIGHLY CONFIDENTIAL

12   information to an Expert, (2) sets forth the full name of the Expert and the city and state of his or

13   her primary residence, (3) attaches a copy of the Expert's current resume, and (4) identifies the

14   Expert's current employer(s), (5) identifies each person or entity from whom the Expert has

15   received compensation for work in his or her areas of expertise or to whom the expert has

16   provided professional services at any time during the preceding five years, and (6) identifies (by

17   name and number of the case, filing date, and location of court) any litigation in connection with

18   which the Expert has provided any professional services during the preceding five years.

19   (b)   A Party that makes a request and provides the information specified in the

20   preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

21   within seven court days of delivering the request, the Party receives a written objection from the

22   Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

23   (c)   A Party that receives a timely written objection must meet and confer with

24   the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

25   agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

26   file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

27   applicable) seeking permission from the court to do so.  Any such motion must describe the

28   circumstances with specificity, set forth in detail the reasons for which the disclosure to the

1   Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

2   suggest any additional means that might be used to reduce that risk.  In addition, any such motion

3   must be accompanied by a competent declaration in which the movant describes the parties'

4   efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

5   discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

6   approve the disclosure.

7          In any such proceeding the Party opposing disclosure to the Expert shall bear the burden

8   of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

9   outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

10         7.5   Record Keeping.

11         A list shall be prepared by counsel for the parties hereto of the names of all such persons

12   to whom Protected Material is disclosed, or to whom the information contained therein is

13   disclosed, and such list shall be available for inspection by the Court and opposing counsel upon

14   request.  Similar but separate lists shall be prepared with respect to CONFIDENTIAL material

15   and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material.  Similar but separate

16   lists shall be prepared with respect to CONFIDENTIAL material and HIGHLY CONFIDENTIAL

17   – ATTORNEYS' EYES ONLY material designated by third parties.  At the time of the

18   termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide

19   other counsel with a copy of the pertinent aforementioned lists upon request.  The persons

20   receiving Protected Material are enjoined from disclosing it to any other person, except in

21   conformance with this Order.

22         8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

23   OTHER LITIGATION.

24         If a Receiving Party is served with a subpoena or an order issued in other litigation that

25   would compel disclosure of any information or items designated in this action as

26   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the

27   Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

28   and in no event more than three court days after receiving the subpoena or order.  Such

1  notification must include a copy of the subpoena or court order.

2      The Receiving Party also must immediately inform in writing the Party who caused the

3  subpoena or order to issue in the other litigation that some or all the material covered by the

4  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

5  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

6  caused the subpoena or order to issue.

7      The purpose of imposing these duties is to alert the interested parties to the existence of

8  this Protective Order and to afford the Designating Party in this case an opportunity to try to

9  protect its confidentiality interests in the court from which the subpoena or order issued.  The

10  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

11  confidential material - and nothing in these provisions should be construed as authorizing or

12  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

13      9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

15  Material to any person or in any circumstance not authorized under this Stipulated Protective

16  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

17  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

18  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

19  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

20  Be Bound" that is attached hereto as Exhibit A.

21      10.    FILING PROTECTED MATERIAL.

22      Without written permission from the Designating Party or a court order secured after

23  appropriate notice to all interested persons, a Party may not file in the public record in this action

24  any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

25  with Civil Local Rule 79-5.

26      11.    FINAL DISPOSITION.

27      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

28  after the final termination of this action, each Receiving Party must return all Protected Material

1   to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

2   abstracts, compilations, summaries or any other form of reproducing or capturing any of the

3   Protected Material.  With permission in writing from the Designating Party, the Receiving Party

4   may destroy some or all of the Protected Material instead of returning it.  Whether the Protected

5   Material is returned or destroyed, the Receiving Party must submit a written certification to the

6   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

7   deadline that identifies (by category, where appropriate) all the Protected Material that was

8   returned or destroyed and that affirms that the Receiving Party has not retained any copies,

9   abstracts, compilations, summaries or other forms of reproducing or capturing any of the

10  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

11  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

12  work product, even if such materials contain Protected Material.  Any such archival copies that

13  contain or constitute Protected Material remain subject to this Protective Order as set forth in

14  Section 4 (DURATION), above.

15      12.   <u>MISCELLANEOUS</u>

16          12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

17  person to seek its modification by the Court in the future.

18          12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

19  Protective Order no Party waives any right it otherwise would have to object to disclosing or

20  producing any information or item on any ground not addressed in this Stipulated Protective

21  Order.  Similarly, no Party waives, any right to object on any ground to use in evidence of any of

22  the material covered by this Protective Order.

23          12.3   In the event that any Protected Material is used in any court proceedings in

24  connection with this litigation, it shall not lose its protected status through such use, and the

25  parties shall take all steps reasonably required to protect its confidentiality during such use.

26          12.4   Nothing in this order shall preclude any party to the lawsuit or their

27  attorneys (a) from showing Protected Material to an individual who either prepared or reviewed

28  the Protected Material prior to the filing of this action, or (b) from disclosing or using, in any

1    manner or for any purpose, Protected Material from the party's own files which the party itself

2    has designated as Protected Material.

3

4         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5    DATED: _August 6, 2007_____        /s/ Joel T. Beres_____

6                                                                              Attorneys for Plaintiff
     DATED: _August 6, 2007_____        /s/ William C. Bergmann (w/permission)

7                                                                              Attorneys for Defendant

8    PURSUANT TO STIPULATION, IT IS SO ORDERED.  DATED:

9    DATED:_____        *Patricia V. Trumbull*

10                                                                        Ronald M. Whyte/Patricia V. Trumbull
                                                                          United States District/Magistrate Judges

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STITES &
HARBISON, PLLC
ATTORNEYS AT LAW
LOUISVILLE

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of St. Denis Innovations, LLC v. SPX Corporation, Case No. C 07-CV-00784 RMW PVT.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name:_____
                          [printed name]

Signature:_____
                          [signature]

STITES &
HARBISON, PLLC
ATTORNEYS AT LAW
LOUISVILLE

C 07-00784 RMW PVT